IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 18-CR-3054 KG

ANAYA GRAHAM GOFORTH,

    Defendant.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Defendant Anaya Graham Goforth's Motion for Revocation of Magistrate's Detention Order, (Doc. 62), filed August 5, 2024. Defendant is detained awaiting a revocation hearing on a petition for revocation of his supervised release. Defendant requests the Court review the Magistrate Judge's Detention Order and release him pending his revocation hearing. For the reasons discussed below, the Court denies Defendant's Motion and orders that he remain detained pending his revocation hearing.

*I.*    *Background*

        On September 19, 2018, Defendant pled guilty to a two-count Indictment charging Conspiracy, Distribution of 5 Grams and More of Methamphetamine, and Aiding and Abetting, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and 18 U.S.C. § 2. The Court imposed a sentence on May 21, 2019, committing Defendant to the custody of the Bureau of Prisons for a term of 77 months, followed by a 4-year term of supervised release.

        On July 23, 2024, a Petition for Revocation of Supervised Release and Post Conviction Violation Report were filed based on Defendant's violations of the conditions of his supervised release. According to the Petition, Defendant had three positive drug tests for illegal controlled substances since April 4, 2024, the date his supervised release began. In addition, Defendant

admitted to spending time with a known felon and gang member on July 20, 2024. An arrest warrant was issued on July 23, 2024, and executed on July 25, 2024. On July 26, 2024, Magistrate Judge Martinez held a hearing for initial appearances and set a Detention hearing for July 31, 2024.

The Detention Hearing proceeded on July 31, 2024. The Defendant waived the show cause portion of the hearing. During the Detention Hearing, Defendant informed the Court that he had been living in a halfway house for a year, where he remained sober. It was not until he was released from the halfway house that he began violating the conditions of his supervised release. He was released from the halfway house and received money from a grant to pay for an apartment for six months. Defendant, however, requested that he be allowed to join the Oxford house, a sober living facility during the hearing. Defendant offered that he has a GED, valid New Mexico driver's license, a plumber's apprentice certificate, a job lined up, and is enrolled in the Department of Vocational Rehab, to achieve a plumber's certificate.

Defendant argued that drug use is treatable, and the drug use is what led him to hanging around a known felon and gang member. He argued that because this was his first offense, the Court should hold it in abeyance while Defendant applies to Oxford House. In the meantime, Defendant suggested electronic monitoring in his apartment and possibly more conditions imposed on his supervised release.

After hearing from defense counsel, prosecution, and the U.S. probation officer, Judge Martinez ordered Defendant detained, noting the short amount of time it took Defendant to violate the terms of his release and Defendant's choice to associate with a known felon and gang member and be in an automobile with a weapon.

II.   *Issue / Analysis*

"If a person is ordered detained by a magistrate judge…the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The Court's review of the Magistrate Judge's Detention Order is de novo. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003); *see also United States v. Barlow*, 2009 WL 799655, at *1 (D. Utah Mar. 24, 2009) (explaining the court conducts a de novo review of the Magistrate Judge's Detention Order for a defendant on supervised release giving no deference to the Magistrate Judge's findings).

Because Defendant appeared before the Magistrate Judge on a petition for revocation of supervised release, Fed. R. Crim. P. 32.1(a)(6) applies. *See United States v. Metts*, 2020 U.S. Dist. LEXIS 88106, *5 (D.N.M.). Rule 32.1(a)(6) states:

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.

Therefore, Defendant must prove by clear and convincing evidence that he is not a flight risk and is not a danger to the community.

The Court has reviewed the Petition for Warrant or Summons for Offender Under Supervision, (Doc. 51), Post Conviction Violation Report, (Doc. 52), Order of Detention, (Doc. 61), audio recording of the Detention Hearing held before Magistrate Judge Martinez, and Defendant's Notice of Appeal, (Doc. 62). The Court determines Defendant has not met his burden for two reasons.

First, this Court is aware of the cycle between individuals with substance abuse issues and prison systems. In this case, however, the alleged violations include that Defendant was not just abusing illegal drugs but also placed himself in the company of a known felon and gang

member. Although Defendant has suggested electronic monitoring and shown he has employment opportunities ahead, he has failed to show, by clear and convincing evidence, that he will not continue to choose prohibited company. Without such evidence, Defendant has failed to show he will not be a danger to the community.

Second, the alleged violations occurred within one month of Defendant's release from a halfway house. The allegations are that Defendant violated the conditions of his release multiple times by using prohibited drugs and associating with a known felon and gang member. Like Magistrate Judge Martinez determined in the Detention Hearing, this Court is similarly concerned with the nature of the violations and that they occurred so soon after he was released from the halfway house. Based on the information presented during the Detention Hearing, it appears Defendant had employment plans in place while continuing to violate his supervised release. Thus, the Court does not believe that Defendant's employment plans would guarantee he is not a flight risk nor his compliance with Court orders.

For these reasons, the Court finds, pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), that Defendant has failed to show he is not likely to flee or pose a danger to the safety of any other person or the community if released.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE